**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

SHANNON PARKINS-WHITE,

                Plaintiff,

v.                                    CIVIL ACTION NO. 2:10-cv-00104

CITIBANK SOUTH DAKOTA N.A.,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the court are the plaintiff's Motion to Remand Case to Circuit Court of Mingo County [Docket 4] and the defendant's unopposed Motion to Consider Out of Time Response to Motion for Remand [Docket 10]. The Motion to Consider out of Time Response is **GRANTED**. The Motion to Remand is **DENIED**.

**I. Introduction**

    *A. The Motion to Consider Out of Time Response*

At the outset, the court observes that the defendant's Response to the Motion to Remand was filed after the time permitted by the local rules of this court. The defendant has requested that the court consider its Response timely. According to the defendant, the tardiness of the Response was due to a "calendaring error" by defense counsel. The defendant's Response was filed six days late. No prejudice to the plaintiff is apparent. And importantly, the plaintiff has not challenged the Motion to Consider Out of Time Response. Therefore, the court shall consider the defendant's Response timely.

*B. The Motion to Remand*

By her Motion to Remand, the plaintiff, Shannon Parkins-White, challenges federal subject matter jurisdiction in this case. She asserts that the amount-in-controversy requirement set forth in 28 U.S.C. 1332 is not satisfied. The defendant, Citibank South Dakota N.A. ("Citibank"), counters that the amount in controversy exceeds $75,000, and the court therefore possesses jurisdiction. For the reasons explained below, the Motion to Remand must be denied.

## II. Background

### A. Facts

This is a consumer-rights action. According to the Complaint, the defendant violated the West Virginia Consumer Credit and Protection Act by "[c]ausing Plaintiff's telephone to ring or engaging Plaintiffs in telephone conversations repeatedly and/or continuously and/or at unusual times and/or at times known to be inconvenient more than **700** times at the time of the filing of this complaint with the intent to annoy, harass, and oppress the Plaintiffs." (Compl. ¶ 4(a).) Furthermore, the Complaint asserts that Citibank engaged in "[m]ore than **430** communications with the Plaintiff after it appeared that the Plaintiff was represented by an attorney and the attorney's name and address are known, or could be easily ascertained." (*Id.* at ¶ 4(b).) The plaintiff asserts other statutory and common-law claims for injuries resulting from the above alleged conduct. Without asking for a specific sum, the plaintiff seeks injunctive relief, money damages, punitive damages, and attorneys' fees and costs.

### B. Procedural History

Plaintiff initiated this action in the Circuit Court of Mingo County, West Virginia. Citibank received service on January 6, 2010 via certified mail. On February 1, 2010, Citibank removed the action to this Court. Plaintiff subsequently filed the instant Motion to Remand.

**III. Discussion**

In *Sayre v. Potts*, 32 F.Supp. 2d 881 (S.D. W. Va. 1999), this Court sets forth the standard that defendants must meet in order to establish the amount in controversy under 28 U.S.C. §§1332, 1441(a). This Court adopted the "preponderance of the evidence standard as the appropriate measure of whether the defendant has proven that the jurisdictional limit has been met in removal cases in which the original complaint does not have a specific damages amount." *Sayre*, 32 F.Supp.2d at 885. To meet this "preponderance of the evidence" standard and to establish jurisdiction upon removal, a defendant must show that it is more likely than not that the amount in controversy exceeds the jurisdictional amount. *Id.* at 886. In doing so, the defendant must supply evidence to support his claim regarding the amount at issue in the case. The defendant must rely on the entirety of the facts and circumstances compromising the plaintiff's damage claim, including the complaint. *See id.* (citing *Mullins v. Harry's Mobile Homes, Inc.*, 861 F.Supp. 22 (S.D. W. Va. 1994)).

The Complaint is the "starting point for ascertaining the amount in controversy" and the question of determining the amount is controlled by the allegations in plaintiff's complaint as they exist at the time the petition for removal is filed. Reliance on the allegations in plaintiff's Complaint for removal purposes is consistent with the well-pleaded Complaint rule, set forth in *Aetna Health v. Davilla*, 542 U.S. 200 (2004)(stating that federal question jurisdiction is discerned from the allegations on the face of plaintiff's Complaint).

Here, Citibank has satisfied its burden. The plaintiff specifically alleges violations of the West Virginia Consumer Credit Protection Act ("WVCCPA"). It contends that Citibank caused "plaintiffs' telephone to ring … or engaged in telephone conversations that repeatedly and/or continuously ring at unusual times more than **700** times as of the filing of this Complaint" and that Citibank "caused more than **430** communications with the plaintiffs after it appeared plaintiffs was represented by an attorney and the attorney's name and address are known or could be easily ascertained."

The WVCCPA permits recovery of a statutory penalty of $100 to $1000. W. Va. Code § 46A-5-101(4). This amount can be increased to account for inflation "in an amount equal to the Consumer Price Index" based on the time period of September 1, 1974, and "the last consumer price index for all consumers published by the United States Department of Labor." W.Va. Code § 46A-5-106.

Here, the plaintiff claims she is entitled a statutory penalty for each alleged violation by the defendant. She maintains that she is entitled to "not less than $438.80 nor more than $4,388.03 *per violation* for an increase of award of damages." (Compl. ¶ 43(d).) Awarding the plaintiff even the minimum statutory penalty would amount to over well over $75,000.

**IV. Conclusion**

The parties in this case are completely diverse and the amount in controversy exceeds $75,000. The court therefore possesses subject matter over this case pursuant to 28 U.S.C. § 1332.
.

The defendant's Motion to Consider Out of Time Response to Motion for Remand [Docket 10] is **GRANTED**.  The plaintiff's Motion to Remand [Docket 4] is **DENIED**.  The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party

ENTER:	March 18, 2010

_____
Joseph R. Goodwin, Chief Judge